COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-224-CV
 
 
  
IN 
THE INTEREST OF S.J.R., A CHILD
  
  
  
------------
 
FROM 
THE 30TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        We 
dismiss this appeal for want of jurisdiction because the notice of appeal was 
untimely filed.
        On 
April 13, 2004, the trial court signed a final order adopting the associate 
judge’s report enforcing and modifying a child support obligation. 
Accordingly, any motion for new trial was due on May 13, 2004, and any 
subsequent notice of appeal was due on July 12, 2004. See Tex. R. App. P. 26.1(a). Appellant 
Edward O’Brien, however, did not file his motion for new trial until May 21, 
2004. He then filed his notice of appeal on July 14, 2004.
        On 
July 19, 2004, we sent notice to O’Brien that his notice of appeal appeared to 
be untimely. We stated that we would dismiss O’Brien’s appeal unless he 
informed this court by July 29, 2004 whether his motion for new trial was 
properly addressed, stamped, and mailed by United States Postal Service to the 
proper trial court clerk on or before May 13, 2004. O’Brien responded on 
August 2, 2004.
        In 
his response, O’Brien pointed out that the trial court’s April 13, 2004 
final order was not filed with the district clerk until April 22, 2004. He 
explained that he had received April 23, 2004 correspondence from the district 
clerk on April 25, 2004, informing him that the order had been signed on April 
13, 2004. O’Brien contends that, because the April 13, 2004 final order was 
not filed with the district clerk until nine days after it was signed, he was 
not timely informed that the trial court had signed the order. He argues that he 
filed his motion for new trial within thirty days of the date the order was 
filed with the district clerk and that, consequently, his motion for new trial 
was timely and this court has jurisdiction.
        Texas 
Rule of Civil Procedure 306a and Texas Rules of Appellate Procedure 4.2(a)(1) 
both set forth procedures applicable when a party does not receive notice or 
actual knowledge of a final judgment or appealable order. Tex. R. Civ. P. 306a(4); Tex. R. App. P. 4.2(a)(1). The rules do 
not require that the party receive an actual copy of the judgment or order, but 
just that the party receive notice that the judgment or order was signed. Tex. R. Civ. P. 306a(4); Tex. R. App. P. 4.2(a)(1). Under both 
rules, if a party receives notice of a judgment or appealable order more than 
twenty days, but less than ninety days, after it is signed, any time periods 
that normally run from the signing of the judgment or order will instead run 
from the date that the party received notice or acquired actual knowledge of the 
signed judgment or order. Tex. R. Civ. P. 
306a(4); Tex. R. App. P. 
4.2(a)(1).
        O’Brien 
admits that on April 25, 2004, he received correspondence dated April 23, 2004 
informing him that the final order had been signed on April 13, 2004. Because 
O’Brien received notice of the final order twelve days after it was signed, 
the procedural rules applicable to parties who do not receive notice of a 
judgment or order within twenty days after it is signed do not apply to him. No 
rules exist permitting us to construe the twelve-day delay O’Brien experienced 
in obtaining notice of the final order as extending the time for filing his 
motion for new trial. O’Brien’s motion for new trial was not timely filed 
and, absent a timely filed motion for new trial, his notice of appeal was due 
within thirty days of the date of the final order. See Tex. R. App. P. 26.1. O’Brien’s 
notice of appeal was filed on July 14, 2004, more than thirty days after the 
April 13, 2004 final order.
        The 
times for filing a notice of appeal are jurisdictional in this court, and absent 
a timely filed notice of appeal or an extension request, we must dismiss the 
appeal. See Tex. R. App. P. 
25.1(b), 26.3; Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997) 
(holding once extension period has passed, party can no longer invoke appellate 
court’s jurisdiction). O’Brien’s notice of appeal was not timely. See 
Tex. R. App. P. 25.1(b). We cannot 
suspend operation of the appellate rules to alter the time for perfecting an 
appeal in a civil case. Tex. R. App. P. 
2. Accordingly, we dismiss this appeal for want of jurisdiction.
  
  
                                                          PER 
CURIAM
 
 
PANEL 
D:   WALKER, J.; CAYCE, C.J.; and MCCOY, J.
 
DELIVERED: 
August 26, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.